UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID J. FINE, in his capacity as Court-Appointed Ancillary Receiver of Bradford C. Bleidt and Allocation Plus Asset Management Company, Inc. and NANCY LOMBARD, LANGDON F. LOMBARD, DONNA BRANDT LAWRENCE, and BESSIE PANOS, individually and on behalf of a class of persons and entities similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOVEREIGN BANK, <br><br> Defendant. | Civil Action No. 06-11450-NG |

PLAINTIFFS' DRAFT PROPOSED
JURY INSTRUCTIONS 3, 3A AND 3B

Plaintiffs submit the attached Draft Proposed Jury Instructions.

Dated:  November 26, 2008

Respectfully submitted,

| /s/ Melanie L. Oxhorn | /s/ David J. Fine |
|---|---|
| Melanie L. Oxhorn, BBO No. 145458 | David J. Fine, BBO No. 165120 |
| 1137 Massachusetts Avenue, #2 | Law Offices of David J. Fine |
| Cambridge, MA 02138 | 40 Court Street, Suite 700 |
| (212) 593-0172 | Boston, MA 02108 |
|  | (617) 720-2942 |
| Counsel for Plaintiffs Nancy Lombard, Langdon Lombard, Donna Brandt Lawrence, and Bessie Panos | Plaintiff Ancillary Receiver |

<u>Plaintiffs' Draft Proposed Jury Instruction No. 3</u>

<u>Aiding and Abetting Breach of Fiduciary Duty</u>

To find Sovereign liable for aiding and abetting a breach of fiduciary duty, you must find the following three elements:

<u>First</u>, you must find a breach of fiduciary duty.

<u>Second</u>, you must find that Sovereign Bank knew of the breach.

<u>Third</u>, you must find that Sovereign Bank actively participated or substantially assisted in or encouraged the breach to the degree that the Bank could not reasonably be held to have acted in good faith.

<u>Authority for Proposed Instruction</u>

The proposed instruction is based on: (1) the Court's 11/26/08 Order and Memorandum on Motions for Summary Judgment at 2-3; (2) <u>Arcidi v. National Association of Government Employees</u>, 447 Mass. 616, 623-24 (2006).

<u>Plaintiffs' Draft Proposed Jury Instruction 3.A.</u>

<u>Knowledge of Specific Agreement
or Precise Terms Not Required</u>

In determining whether Sovereign Bank had knowledge of a fiduciary duty owed by Bradford Bleidt, I instruct you to keep the following principle in mind:

For Sovereign Bank to have had knowledge of a fiduciary duty that Bradford Bleidt owed one of his investor-clients, Sovereign need not have had knowledge of any specific contract or agreement between Bleidt and the investor-client or of its precise terms. The requirement of knowledge may be found if, from the facts and circumstances of which Sovereign Bank had knowledge, Sovereign Bank should have known of the existence of the fiduciary duty that Bleidt owed the investor-client in question.

<u>Authority for Proposed Instruction</u>

The proposed instruction is adapted from the "Requirement of Knowledge" instruction in §12.4.3 in volume I of <u>Massachusetts Superior Court Civil Practice Jury Instructions</u> (MCLE 2003).

<u>Plaintiffs' Draft Proposed Jury Instruction 3.B.</u>

<u>Willful Blindness</u>

In determining whether Sovereign Bank had knowledge of a breach of fiduciary duty by Bradford Bleidt, I instruct you that if you find that a Sovereign Bank employee deliberately made himself or herself ignorant of facts clearly disclosed in Bleidt's transactions with the Bank or purposely closed his or her eyes to clear implications of such facts, you may find, but are not required to find, that the Bank had knowledge of such facts or such implications.

<u>Authority for Instruction</u>

<u>Lerner v. Fleet Bank</u>, 459 F.3d 273, 295 (2d Cir. 2006) (quoting <u>Grace ex rel. Fox v. Corn Exch. Bank Trust Co</u>. 287 N.Y. at 107, 38 N.E. 2d at 454).