# EXHIBIT 2

**Law Offices of Melanie L. Oxhorn Esq.**
1137 Massachusetts Avenue #2
Cambridge, MA 02138
Phone: (212) 593 0172 Fax: (212) 658 9139
moxhorn@gmail.com

By Electronic Mail
Also Sent By US Mail

July 3, 2009

Sovereign Bank
c/o Patrick T. Voke, Esq.
LeClairRyan, A Professional Corporation
One International Place, 11th Floor
Boston, MA 02110

Dear Sir or Madam:

    This is a written demand for relief that I am sending to Sovereign Bank (hereinafter sometimes referred to as the "Bank"), in care of attorney Patrick T. Voke, pursuant to M.G.L. c.93A s.9. This letter is being sent in behalf of all the Bleidt investor-client victims who have been named as intervenor-plaintiffs in U.S. District Court, D. Mass., Civil Action No. 06-11450-NG ("Civil Action No. 06-11450").

### Statement of Facts

    The facts pertinent to this demand for relief are set out in the February 23, 2009 Complaint in Intervention filed in Civil Action No. 06-11450, and are incorporated herein by reference.

    Also pertinent are: (1) Sovereign Bank's November 5, 2008 Answer in Civil Action No. 06-11450 to October 15, 2008 Interrogatory as to Rule 30 Topic 4 (stating that "there are no banking policies, practices, internal controls or procedures designed to detect a theft or improper conduct against non-bank customers" and that, for this and related reasons, "there have been no changes in Sovereign's policies, practices, internal controls and procedures since November 2004" to "prevent the occurrence at Sovereign in the future of a fraud similar to the fraud committed by Bleidt"); (2) Charles Loycano's testimony at the December 2008 trial in Civil Action No. 06-11450 in which he testified that, in his view, Sovereign Bank has no responsibility to be concerned about the type of fraud committed by Bradford Bleidt because that fraud was, in Mr. Loycano's view, fraud against the clients of a customer, rather than fraud against the Bank itself or customers of the Bank; and (3) the way Sovereign has, in its marketing and advertising, represented itself to the public as an institution particularly concerned about the communities in which it does business.

### Claim

In the wake of the discovery of Bleidt's fraud in November 2004, Sovereign failed to do an adequate investigation of the fraud, and failed to explore how deficiencies in the Bank's policies and procedures and deficiencies in the Bank's training of its employees may have allowed and facilitated the fraud. Sovereign also failed to investigate and consider what changes in its policies and procedures, and what changes in its training, might be appropriate to prevent in the future a fraud similar to the fraud committed by Bleidt. Sovereign has sought to defend its foregoing failures on the ground that Sovereign's only obligation is to the Bank and its customers, and that Sovereign owes no duty to non-customers of the Bank such as the Bleidt victims.

Sovereign's foregoing justification for its failure to take appropriate action in the wake of the discovery of Bleidt's fraud is meritless. First, the victims of Bleidt's fraud did indeed include customers of the Bank. Second, the Bank <u>does</u> owe duties to non-customers, especially non-customers who entrust their money to fiduciaries who deposit this money at the Bank.

Sovereign's failure to take appropriate action in the wake of Bleidt's fraud has constituted a violation of M.G.L. c.93A because such failure has been: (a) knowing and intentional; (b) in violation of the Bank's legal and ethical obligations; and (c) contrary to the way Sovereign represents itself to the public in its advertising and marketing.

### Demand for Relief

The intervenor Bleidt investor-client victims hereby demand: (1) that Sovereign do an appropriate investigation of Bradford Bleidt's fraud; (2) that Sovereign explore how deficiencies in the Bank's policies and procedures and deficiencies in the Bank's training of its employees allowed and facilitated the fraud; and (3) that Sovereign adopt such changes in its policies and procedures, and such changes in its training of its employees as are reasonably appropriate to prevent in the future a fraud similar to the fraud committed by Bleidt.

Please be advised that, under M.G.L. 93A s. 9, Sovereign Bank has 30 days from receipt of this letter to respond with a reasonable offer of settlement. If the Bank fails to do so, that statute provides that the Bank may be liable for multiple damages as well as reasonable attorney's fees the Bleidt intervenor investor-client victims may incur in prosecuting the claims asserted in this letter in a lawsuit.

Very truly yours,

/s/ Melanie L. Oxhorn
Attorney for Intervenor Bleidt Investor-
  Client Victims

CC: David J. Fine, Esq.